UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-02647-ODW (JCx) | Date | November 7, 2025 |
|---|---|---|---|
| Title | *Adrian Gonzalez Yanes v. Department of Homeland Security* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Patricia Kim | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**                      **In Chambers**

      On November 4, 2025, Petitioner Adrian Gonzalez Yanes moved ex parte for a temporary restraining order ("TRO") requiring his immediate release from custody. (Mot. Emergency TRO ("TRO"), Dkt. No. 8.) Respondent Department of Homeland Security opposes the request in an omnibus filing that also addressed Petitioner's underlying habeas petition. (Opp'n, Dkt. No. 9.) For the following reasons, the Court **DENIES** Plaintiff's motion without prejudice.

      A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The standard for issuing a TRO is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, a plaintiff must establish the "*Winter*" factors: (1) the plaintiff "is likely to succeed on the merits"; (2) the plaintiff "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [the plaintiff's] favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

      Petitioner fails to establish the *Winters* factors. Crucially, Petitioner has not established likelihood to suffer irreparable harm in the absence of a TRO. Petitioner argues that he faces "several forms of irreparable harms," such as prospect of detention, removal proceedings, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-02647-ODW (JCx) | Date | November 7, 2025 |
|---|---|---|---|
| Title | *Adrian Gonzalez Yanes v. Department of Homeland Security* | | |

ultimately removal." (TRO 5.)[1]  However, Petitioner does not make any factual allegations other than that he is currently in Defendant's custody and faces removal. (*See generally* TRO.) "[T]he burden of removal alone cannot constitute the requisite irreparable injury," and that is certainly true here considering Petitioner has not established that removal is imminent. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

Petitioner also makes generalized allegations of due process violations. (TRO 6.) "It is well established that the depravation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). However, the record indicates that Petitioner has received and continues to receive sufficient due process. On September 24, 2025, an Immigration Judge ("IJ") conducted a bond hearing. (Decl. Henry J. Cervantes ISO Opp'n ("Cervantes Decl.") ¶ 13, Dkt. No. 9-1.) The IJ found that Petitioner posed a high flight risk and denied bond. (Cervantes Decl. Ex. 3, Dkt. No. 9-4.) Petitioner did not appeal this decision. (Cervantes Decl. ¶ 13.) Moreover, Petitioner has a hearing on the merits of his application for withholding of removal scheduled for November 21, 2025. (*Id.* ¶ 14.) Nothing in the record indicates that Petitioner must receive interim relief prior to this merits hearing.

Considering Petitioner fails to demonstrate any imminent danger of irreparable harm, the Court must **DENY** Petitioner's motion without prejudice. (Dkt. No. 8.)

**IT IS SO ORDERED**.

:     00

Initials of Preparer    PK

---

[1] Petitioner's TRO does not include page numbers. For the purposes of this Order, the Court references to the TRO's CM/ECF paginations.